NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Manuel Jesus Sanango,

*Petitioner*,

v.

Luis Soto, *et al.*,

*Respondents*.

Civil Action No. 25-cv-18328

**MEMORANDUM ORDER**

**THIS MATTER** comes before the Court upon the Petition for Writ of Habeas Corpus of Manuel Jesus Sanango ("Petitioner") who seeks relief pursuant to 28 U.S.C. § 2241, challenging his continued detention without an individualized bond hearing.  (ECF No. 1.) The Court has reviewed the Petition (ECF No. 1), Respondents' expedited response (ECF No. 6),  the subsequent supplemental submissions (ECF Nos. 12, 13, 14), and the procedural history reflected on the docket.

On December 29, 2025, this Court issued a Text Order concluding that Petitioner was subject to detention under 8 U.S.C. § 1226(a), and directing Respondents to provide a bond hearing or, alternatively, to demonstrate why a different statutory framework applied.  (ECF No. 3.) Respondents elected the latter course, asserting that Petitioner is detained pursuant to 8 U.S.C. § 1231(a) based on a reinstated final order of removal.  (ECF No. 6 at 2–3.)

Upon review, Respondents have not sufficiently established that § 1231(a) governs Petitioner's detention so as to disturb the Court's prior determination.  Although Respondents rely on the existence of a reinstated removal order, they do not meaningfully address whether

Petitioner's removal is presently executable, nor do they identify any facts demonstrating that removal is imminent or unimpeded.  *See Johnson v. Guzman Chavez*, 594 U.S. 523 (2021) (holding that the applicable detention statute turns on whether the Government has the authority to execute a removal order and detain the noncitizen during that period).  Nor do Respondents reconcile their position with this District's consistent treatment of similar detainees under § 1226(a), as recognized in the Court's prior Order.  (ECF No. 3 (citing *Rivera Zumba v. Bondi*, No. 25-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025) and *Rivas Rodriguez v. Rokosky*, No. 25-17419 (CPO), 2025 WL 3485628 (D.N.J. Dec. 3, 2025) which interpret § 1225 detention as falling under § 1226(a)).)

The record, by contrast, reflects that Petitioner has been detained since December 7, 2025, without any individualized determination as to whether his continued detention is justified.  (ECF No. 1 ¶¶ 15–16.)  The Third Circuit has repeatedly emphasized that civil immigration detention must comport with due process, including the availability of a bond hearing where detention is not expressly mandated.  *See Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011) (holding that prolonged detention under § 1226(c) must be accompanied by an individualized bond hearing to satisfy due process); *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015) (recognizing that continued detention without a bond hearing becomes constitutionally suspect as it grows prolonged).  These principles apply with equal force where, as here, the Government has not demonstrated that detention falls within § 1231(a)'s mandatory removal period.

Respondents' reliance on *Zadvydas v. Davis,* 533 U.S. 678 (2001) (holding that post-removal-period detention is limited to a period reasonably necessary to effectuate removal and presumptively reasonable for six months) does not resolve the threshold question of whether

2

Petitioner is properly detained under § 1231(a) in the first instance.

Here, Respondents' assertion that Petitioner is detained pursuant to 8 U.S.C. § 1231(a) is conclusory and unsupported by a developed factual record. Although they rely on the reinstatement of a prior removal order, Respondents fail to demonstrate that Petitioner's removal is presently executable or that no legal or practical impediments—such as ongoing proceedings or the absence of travel documentation—preclude immediate removal, which is the necessary predicate for detention under § 1231(a). (*See* ECF No. 6.) Absent such a showing, continued detention without a bond hearing raises substantial constitutional concerns under *Diop* and *Chavez-Alvarez.*

Accordingly, the Court adheres to its prior determination that Petitioner's detention is governed by 8 U.S.C. § 1226(a), and finds that immediate relief is warranted. Therefore,

**IT IS** on this 27th day of March, 2026,

**ORDERED** that Petitioner's § 2241 Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **on this date IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him; and it is further

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

3

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

*Karen M. Williams*

**KAREN M. WILLIAMS**
**United States District Judge**

4